UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Alexis, et al.,

                               Plaintiffs,

     - *against* -

Combe, Inc.,                       Defendant.

**MEMORANDUM AND ORDER**

19 Civ. 10358 (CS) (PED)

**PAUL E. DAVISON, U.S.M.J.:**

Plaintiffs seek a stay of this action [the "*Alexis* action" or "*Alexis*"] "pending the determination of the class certification" in *Du Boc Ali, et al. v. Combe, Inc.*, 19 Civ. 6187 (CS)(PED) ["*Du Boc Ali*"], a putative class action filed by the same counsel against the asserting the same claims against the same defendant on behalf of a putative class that includes the *Alexis* plaintiffs.[1]  [Dkt. 26.]  Defendant opposes any stay.  [Dkt. 30.]  The Court heard argument on July 20, 2020.  Familiarity with the record in both cases is assumed.  Subject to the conditions set forth below, plaintiffs' application is **GRANTED**.

This Court has discretion to stay an action which is duplicative of another federal court suit as "part of its general power to administer its docket." *Curtis v. CitiBank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Id.*  Courts typically consider such factors as "(1) the private interests of the plaintiffs . . . as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts;

---

[1] The *Alexis* action was filed on behalf of approximately 133 plaintiffs.  On July 15, 2020, plaintiffs voluntarily dismissed the *Alexis* claims of 19 plaintiffs. [Dkt. 29.]

(4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Here, a close sibling relationship between the *Alexis* and *Du Boc Ali* actions is readily apparent. Plaintiffs and defendant in both cases are represented by the same lawyers, and the operative complaints in both cases advance the same claims in mirror image fashion. According to plaintiff's counsel, the *Alexis* plaintiffs are all potential class members in *Du Boc Ali*. The cases are plainly duplicative.

Plaintiffs believe their interests are adequately protected in *Du Boc Ali*, and counsel filed the *Alexis* action, on an individual basis, "out of an abundance of caution in response to [d]efendant's statements about the statute of limitations." [Dkt. 26, p. 1.] Plaintiffs therefore resist individualized discovery in the "protective" *Alexis* action in hopes that their claims can be resolved more efficiently in *Du Boc Ali*.

Defendant, on the other hand, argues that class certification in *Du Boc Ali* is unlikely, and asserts that if *Alexis* is stayed but then ultimately goes forward defendant's ability to gather relevant evidence will have been prejudiced by the delay. [Dkt. 30.] Defendant also predicts that plaintiffs in *Alexis* may seek to make to make improper use of any favorable rulings on liability issues that may be forthcoming in *Du Boc Ali*. *Id.*

This Court will not prognosticate regarding the prospects for class certification in *Du Boc Ali*, nor will the Court address the hypothetical consequences which might flow from such certification. The Court is persuaded, however, that proceeding now with individualized discovery concerning the 114 *Alexis* plaintiffs would tend to nullify any economies associated with the class action procedures plaintiffs seek to invoke in their first-filed *Du Boc Ali* action. In the interest of achieving a just, speedy, and inexpensive determination of plaintiffs' claims, the

2

Court will stay plenary discovery in the *Alexis* action.

However, the Court is also persuaded by defendant's argument that further delay my adversely affect defendant's ability to gather pertinent medical records regarding the *Alexis* plaintiffs. Accordingly, defendants may discover – via an interrogatory or such other efficient means as the parties may agree upon – whether each *Alexis* plaintiff sought medical attention or treatment for any condition which is alleged to have been cause by defendant's products. To the extent that plaintiffs disclose such medical attention or treatment, those plaintiffs shall upon request sign HIPAA-compliant releases (which defense counsel must prepare) authorizing defense counsel to obtain the records.[2]

Plaintiffs' motion to stay is **GRANTED** to the extent set forth above. The clerk shall close Dkts. 22, 23, 26.

Dated: July 30, 2020
White Plains, New York

SO ORDERED

Paul E. Davison, U.S.M.J.

---

[2]Plaintiff's counsel represents that plaintiffs have informally provided defendant with information concerning each plaintiff, including medical records. [Dkt. 26, p.4.] The Court has no information concerning the adequacy or comprehensiveness of those disclosures. The parties should confer to determine whether these disclosures – perhaps accompanied by an appropriate stipulation – are an effective substitute for the procedure outlined in this paragraph.

3