# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
# WHITEPLAINS DIVISION

| | |
|---|---|
| HENRY ALEXIS, et al. : | |
| : | Case No: 7:19-CV-10358-CS-PED |
| Plaintiffs : | |
| v. : | |
| : | |
| COMBE INCORPORATED : | Judge: Hon. Cathy Seibel |
| : | Magistrate Judge: Paul E. Davison |
| Defendant : | |
| : | |
| : | |

## [~~AMENDED PROPOSED~~] QUALIFIED PROTECTIVE ORDER

Before the Court is the Plaintiffs' Motion for Entry of a Qualified Protective Order. Burg Simpson Eldredge Hersh Jardine P.C., on behalf of all Plaintiffs and claimants participating in the BURG-JFM Resolution Program governed by a Master Settlement Agreement entered into by Burg Simpson Eldredge Hersh Jardine P.C. ("Settling Plaintiffs") (hereinafter collectively the "Parties"), have retained Archer Systems to serve as their agent to resolve Settling Plaintiffs' health insurance reimbursement claims and/or liens, as the Lien Resolution Administrator. Under the terms of the above referenced Master Settlement Agreement, the Parties have appointed the Lien Resolution Administrator to implement and administer the claim and/or lien identification and resolution process for all Settling Plaintiffs. Specifically, the Parties have retained the Lien Resolution Administrator to perform the following duties and functions: (1) the authority to act as agent for Settling Plaintiffs for the benefit of all Settling Plaintiffs for purposes of claim and/or lien identification and resolution; (2) the authority to provide to, receive from, and disclose to Payers (defined below) certain protected health information and individually identifiable health information related to Plaintiffs in the above captioned-action; and (3) the

authority to resolve any and all potential recovery claims for medical items, services, and/or prescription drugs with Governmental Payers,[1] Medicare Part C and/or Part D Program sponsors, and/or Other Payers/Providers, including all private health plans whether insured or self-funded (collectively, "Payers") associated with the above-captioned action.

*Specific Requirement for the Centers for Medicare and Medicaid Services*

The Parties have appointed the Lien Resolution Administrator to serve as the exclusive agent of Burg Simpson Eldredge Hersh Jardine P.C. Settling Plaintiffs and for the benefit of all Settling Plaintiffs in the above-captioned action for purposes of claim and/or lien identification and resolution of any and all potential recovery claims for medical items, services, and/or prescription drugs with Payers associated with any settlements arising out of the above-captioned action. In addition, the Parties have vested the Lien Resolution Administrator with exclusive authority to administer a process with CMS for the identification and resolution of Medicare Part A and/or Part B fee-for-service reimbursement claims on behalf of all settling Plaintiffs who are or were Medicare entitled.

Having considered the record of these proceedings, the terms of the above referenced Master Settlement Agreement regarding claim and/or lien resolution, as agreed to by the Parties, the arguments and recommendation of counsel for the moving parties and the requirements of law, the Court **GRANTS** the Parties motion as follows:

---

[1] Governmental Payers means any federal, state or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs. These include CMS, the Medicare Secondary Payer Department, and the Medicaid programs of each state and territory and of the District of Columbia (each a "Medicaid Agency") Veteran's Administration, Defense Health Agency (previously managed by TRICARE), and Indian Health Service.

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. By virtue of the fact that the Parties have appointed the Lien Resolution Administrator to serve as their agent in the above captioned action with respect to lien identification and resolution, the Lien Resolution Administrator shall resolve any and all potential Medicare Part A and/or Part B fee-for-service Medicare Secondary Payer ("MSP") claim(s) related to settlements, judgments, awards, or other payments associated with the above-captioned action for those Plaintiffs who are or were Medicare beneficiaries. Plaintiffs in the above-captioned action have been informed that as the agent of Settling Plaintiffs the Lien Resolution Administrator has the authority to act in such capacity for the benefit of all Plaintiffs to resolve any and all Medicare reimbursement obligations, consistent with federal law.[2] Plaintiffs have further been informed that as a condition of participation in any settlement agreement related to the above-captioned action, each Plaintiff has agreed to the Lien Resolution Administrator's protocols for global resolution which specify that every settling Plaintiff is bound to the terms of a global resolution of all MSP claims, and understand that certain individual rights have been waived, including, but not limited to, the right to seek a waiver, compromise, and/or appeal Medicare's Part A and/or B reimbursement claim.

2. With regards to Medicare Part A and B fee-for-service, the Lien Resolution Administrator shall provide CMS with a final and verified list of qualified Medicare enrolled beneficiaries.

3. As the Parties have agreed, the Lien Resolution Administrator is authorized to provide to, receive from, and disclose to Payers lists of settling Plaintiffs, and related information, which identifies those Payers that have or may have asserted against such Plaintiffs

---

[2] See 42 C.F.R §405.910

a lien, claim, or right of subrogation, indemnity, reimbursement, conditional or other payments, or interest of any type for injury-related medical items, services, and/or prescription drugs paid on their behalf.

4. The Lien Resolution Administrator is further authorized to and shall provide reports to Plaintiffs' counsel, Defendants' counsel and to the Special Master in furtherance of the BURG-JFM Resolution Program.

5. As the Parties have agreed, the Lien Resolution Administrator is further authorized to perform all duties and functions identified in the paragraphs preceding this order, including but not limited to, identifying and resolving potential recovery claims related to Plaintiffs in the above captioned action for medical items, services, and/or prescription drugs with all entities defined as Payers herein by means necessary, as determined by the Lien Resolution Administrator including, but not limited to, en masse data submissions with Payers designed to identify healthcare coverage and related claims itemizations for Plaintiffs, requesting information from relevant parties and accessing internet based healthcare coverage information sources including, but not limited to, mymedicare.gov.

6. This Order shall apply to the use of all information related to Settling Plaintiffs that the Lien Resolution Administrator creates, provides to, receives from, and discloses to Payers that is or may be protected under HIPAA and its amendments,[3] or other applicable federal

---

[3] HIPAA shall mean the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

or state law, including all Protected Health Information, as defined in 45 C.F.R. §160.103.[4] The Lien Resolution Administrator is specifically authorized to provide to, receive from, and disclose to Payers lists of Plaintiffs and related information, in lieu of providing copies of individual HIPAA authorizations and information on a Plaintiff-by-Plaintiff basis.

7. Any health information protected by HIPAA which are disclosed pursuant to this Qualified Protective Order shall be used or disclosed solely for purposes of this litigation and settlement. Further, upon conclusion of these proceedings, the Lien Resolution Administrator shall return or destroy all copies of any documents obtained pursuant to this Order which constitute health records protected by HIPAA.

**IT IS SO ORDERED.**

Dated: 5/6/21

Judge: [signature]

---

[4] This includes demographic information that could be used to identify Medicare-eligible and/or Medicaid-enrolled Plaintiffs, information related to Plaintiffs' eligibility for and entitlement to benefits under the Medicare Program and Medicaid Program and information related to health care services rendered, including the payment of such services.