UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITEPLAINS DIVISION

| | | |
|---|---|---|
| HENRY ALEXIS, et al. | : | |
| | : | Case No: 7:19-CV-10358-CS-PED |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| COMBE INCORPORATED | : | Judge: Hon. Cathy Seibel |
| | : | Magistrate Judge: Paul E. Davison |
| Defendant | : | |
| | : | |
| | : | |

## [~~AMENDED PROPOSED~~] ORDER ESTABLISHING QUALIFIED SETTLEMENT FUND

Upon the Motion to Establish Qualified Settlement Fund, and for good cause shown, the Court hereby Orders:

1. Burg Simpson Eldredge Hersh Jardine P.C. ("Burg Simpson") has settled the claims of the Plaintiffs in the above-captioned case, as well as certain other claimants, and desires to establish a "Qualified Settlement Fund" ("Settlement Fund") to aid in administration of those settlements.

2. The BURG-JFM Qualified Settlement Fund is established as a Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1 and pursuant to the jurisdiction conferred on this Court by Treas. Reg. § 1.468B-1(c)(1).

3. Archer Systems is appointed as administrator (the "Fund Administrator") pursuant to the terms, conditions and restrictions of the Agreement and is hereby granted the authority to conduct any and all activities necessary to administer this Settlement Fund as described in the Agreement.

4. The Settlement Fund shall be established at Origin Bank, a financial institution doing business in Texas, according to the terms, conditions and restrictions of the accompanying Motion and this Order.

5. The Fund Administrator shall be indemnified and held harmless by Burg Simpson claimants from any claims made by any alleged lien holder, or other person or entity that attempts to assert a right of payment, reimbursement or garnishment against the Settlement Fund. Should the Fund Administrator be named as a party to, or threatened to be made a party to, any threatened, pending or completed action, suit or proceeding of any kind, whether civil, administrative or arbitrative, and whether brought by or against or otherwise involving the Settlement Fund, by reason of the Fund Administrator having served in any capacity on behalf of the Settlement Fund, the Fund Administrator shall be indemnified and held harmless by the Plaintiffs against reasonable expenses, costs and fees (including attorneys' fees), judgment, awards, costs, amounts paid in settlement, and liabilities of all kinds incurred by the Fund Administrator in connection with or resulting from such actual or threatened action, suit or proceeding; except to the extent that it is finally determined by this Court that the Fund Administrator was grossly negligent or acted with willful misconduct in connection with the administration of this Fund.

6. Burg Simpson shall be indemnified and held harmless by the Fund Administrator from any claims, which arise from the negligence or willful misconduct of the Fund Administrator as determined by this Court. Should Burg Simpson be named as a party to, or threatened to be made a party to, any threatened, pending or completed action, suit or proceeding of any kind, whether civil, administrative or arbitrative, by reason of the Fund Administrator's negligence or willful misconduct, Burg Simpson shall be indemnified and held harmless by the

Fund Administrator against reasonable expenses, costs and fees (including attorneys' fees), judgment, awards, costs, amounts paid in settlement, and liabilities of all kinds incurred by Burg Simpson in connection with or resulting from such actual or threatened action, suit or proceeding.

7. The Fund Administrator is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

8. Upon final distribution of all monies paid into the Settlement Fund, the Fund Administrator shall take appropriate steps to wind down the Settlement Fund and thereafter shall be discharged from any further responsibility with respect to the Settlement Fund.

**IT IS SO ORDERED.**

Dated: 5/6/21              Judge [signature]